LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29591

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARK K. OBATA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 07-1-1623)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant (**Obata**) appeals the Circuit Court of the First Circuit's (**Circuit Court**) Judgment of Conviction and Sentence entered on December 22, 2008, convicting him of (1) Accidents Involving Death or Serious Bodily Injury in violation of Hawaii Revised Statutes (**HRS**) § 291C-12 (2007); (2) Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243 (Supp. 2009); (3) Unlawful Use of Drug Paraphernalia in violation of HRS § 329-43.5(a) (1993); and (4) Driving Without License in violation of HRS § 286-102 (2007).[1]

Obata raises the following point of error on appeal:

> In view of its apparent bias against Obata, the trial court erred in failing to *sua sponte* recuse itself from sentencing [Obata], and further abused its discretion in sentencing him to imprisonment, in disregard of strong evidence warranting a probation sentence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Obata's two-part point of error as follows:

The record does not reveal that the Circuit Court behaved, ruled, or acted unfairly or unduly unfavorably toward Obata at either the December 11, 2008 hearing regarding

---

[1]    The Honorable Randal K.O. Lee presided.

Defendant's Motion to Continue Sentencing or at Obata's December 22, 2008 sentencing. The Circuit Court articulated cogent reasons at the December 11, 2008 hearing for denying Defendant's Motion to Continue Sentencing. At the December 22, 2008 sentencing, the Circuit Court did not make comment or express any opinion that evidenced personal bias or prejudice against Obata. The record does not support Obata's assertion of judicial misconduct. Accordingly, we conclude that the Circuit Court did not plainly error in failing to *sua sponte* recuse itself from this case.

We further conclude that the Circuit Court did not abuse its discretion in sentencing Obata. The record evidences that the Circuit Court properly considered the factors identified in HRS § 706-606 (1993)[2] when it determined Obata's sentence. In sentencing Obata to imprisonment rather then probation, the Circuit Court emphasized the egregious nature and circumstances of the offense, including the severity of the injuries to the young cyclist struck by Obata's vehicle, while driving without a

---

[2]    HRS § 706-606, provides:

**Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
(1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
(2)    The need for the sentence imposed:
(a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
(b)    To afford adequate deterrence to criminal conduct;
(c)    To protect the public from further crimes of the defendant; and
(d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)    The kinds of sentences available; and
(4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

license, and Obata's fleeing the scene of the accident. The Circuit Court also highlighted Obata's prior criminal record, substance abuse history, and other characteristics. Obata acknowledges all of these factors, but argues that the Circuit Court abused its discretion in failing to give greater weight to the recent successful completion of a substance abuse program, expressions of regrets, and desire to get a job and provide restitution. On the record in this, we conclude that the sentence imposed by the Circuit Court did not clearly exceed the bounds of reason or disregard rules or principles of law or practice to the substantial detriment of a party litigant. See, e.g., State v. Reis, 115 Hawai'i 79, 83, 165 P.3d 980, 984 (2007); State v. Rauch, 94 Hawai'i 315, 322, 13 P.3d 324, 331 (2000); State v. Gaylord, 78 Hawai'i 127, 144, 890 P.2d 1167, 1184 (1995).

Accordingly, the Circuit Court's December 22, 2008 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, February 17, 2010.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3